UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4592

DARRELL KEITH EVANS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Matthew J. Perry, Jr., Senior District Judge.
(CR-95-837)

Submitted: December 19, 1996

Decided: January 6, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael L. Brown, Jr., Rock Hill, South Carolina, for Appellant.
J. Rene Josey, United States Attorney, Marshall Prince, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Darrell Keith Evans pled guilty to conspiracy to commit armed robbery, 18 U.S.C.A. § 1951(a) (West Supp. 1996), and possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West Supp. 1996). He appeals his 60-month sentence, contending that the district court clearly erred in finding that he did not have a minor role in the conspiracy and in considering hearsay testimony by the case agent. We affirm.

Under USSG § 3B1.2(b),* a defendant's offense level may be decreased by two levels if the sentencing court finds that he is less culpable than most other participants in the offense. Evans admitted participating in three robberies; the level of his involvement varied with each one. On December 13, 1994, Evans permitted his car to be used in the robbery of a convenience store in return for $200 although he was aware that his co-defendants intended to commit a robbery. The store clerk was shot and killed. On December 22, 1994, Evans drove three co-defendants to and from another convenience store which was robbed with his .45 revolver. He received $600 for his assistance. On December 29, 1994, Evans helped plan the last robbery and drove his co-defendants past the chosen convenience store while they cased it. His revolver was also used in this robbery.

On these facts, we have no difficulty in finding that Evans failed to show that he was a minor participant. See United States v. Terry, 86 F.3d 353, 358 (4th Cir. 1996) (defendant who drove confederates to and from crime scene knowing of their plans not a minor partici-pant). The district court properly refused the mitigating adjustment. Moreover, the court did not err in considering the testimony of the case agent about his interview with Evans in which Evans admitted knowing, on December 13, that his car would be used to commit a robbery. United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993) (sentencing court may consider hearsay which defendant has opportu-nity to explain or rebut).

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3